c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHU NGUYEN NGUYEN (#087151089), Petitioner | CIVIL ACTION NO. 1:17-CV-1142-P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| JEFF SESSIONS, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241), filed on September 8, 2017 by counsel of behalf of Petitioner Chu Nguyen ("Nguyen") (A#087151089) (Doc. 1). Because Nguyen's habeas petition is moot, it should be dismissed.

I.   Analysis

At the time of filing, Nguyen was an immigration detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), detained at the LaSalle Detention Center in Jena, Louisiana. (Doc. 1). Nguyen was detained pending his removal from the United States. (Doc. 1).

Nguyen, a native and citizen of Vietnam, claims he entered the United States in 2002 as a nonimmigrant student. (Doc. 1). On February 19, 2009, the Department of Homeland Security ("DHS") initiated removal proceedings based on the expiration of his student visa. (Doc. 1-3). Nguyen was granted voluntary departure on April 19, 2011. (Doc. 1-5). Nguyen alleges he was placed on an Order of Supervision on or

about January 15, 2014, due to his country's refusal to issue the necessary travel documents. (Doc. 1). On or about March 8, 2017, Nguyen alleges he was detained by ICE, where he was eventually transferred to the LaSalle Detention Center. (Doc. 1). Nguyen alleges his continued detention is beyond the presumptively reasonable six month time period. (Doc. 1). The sole relief requested by Nguyen is release from ICE custody pending his removal from the United States, under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) (Doc. 1).

Respondents filed an unopposed motion to dismiss Nguyen's petition as moot. (Doc. 10). Respondents filed a declaration by Richard A. Brooks, Assistant Field Office Director of the U.S. ICE facility in Oakdale, Louisiana. (Doc. 10-2). Respondents show that Nguyen has already been released from ICE custody, and was removed from the United States on October 18, 2017. (Docs. 10, 10-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States. . ." At the time of filing his petition, Nguyen was detained at the LaSalle Detention Center and, therefore, the "in custody" requirement for habeas review was satisfied. However, Nguyen has been released from custody by ICE. (Doc. 10-2). Therefore, Nguyen's habeas petition has been rendered moot and should be dismissed.

II. <u>Conclusion</u>

Accordingly,

**IT IS RECOMMENDED** that Respondents' Motion to Dismiss (Doc. 10) be **GRANTED**, and Nguyen's habeas petition filed under 28 U.S.C. § 2241 be **DISMISSED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __6th__ day of March, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge